UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------- X
:
UNITED STATES OF AMERICA         :     **PRELIMINARY ORDER**
                                 :     **OF FORFEITURE AS TO**
                -v.-              :     <u>**SUBSTITUTE ASSETS**</u>
                                 :
GERARD CHARLES,                  :     S3 11 Cr. 630 (KMK)
    a/k/a "Twin,"                :
                                 :
        Defendant.                :
-------------------------------- X

WHEREAS, on August 9, 2012, GERARD CHARLES a/k/a "Twin," (the "Defendant") was charged in a one-count Information, S3 11 Cr. 630 (KMK) (the "Information"), with participating in a conspiracy to distribute 280 grams and more of cocaine base, and marijuana, in violation of Title 21, United States Code, Section 846 (D.E. 316);

WHEREAS, on August 9, 2012, the Defendant pled guilty to Count One of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit to the United States, pursuant to Title 21, United States Code, Section 853, a sum of money equal to $5,000.00 in United States currency, representing property constituting or derived from any proceeds Defendant obtained directly or indirectly, as a result of the offense charged in Count One of the Information;

WHEREAS, on or about January 15, 2013, the Court entered a Consent Order of Forfeiture (the "Order of Forfeiture") imposing a Money Judgment against the Defendant in the amount of $5,000.00 in United States currency (the "Money Judgment") representing property constituting or derived from any proceeds obtained, directly or indirectly as a result of the offense alleged in Count One (D.E. 520 and 521);

WHEREAS, to date, $5,000.00 of the Money Judgment against the defendant remains unpaid;

WHEREAS, as a result of acts and omissions of the defendant, the United States has not been able to locate, obtain or collect assets traceable to the proceeds of the defendant's offenses, despite the exercise of due diligence in investigating the assets of the defendant; and

WHEREAS, the Government has identified the following specific asset in which the Defendant has an ownership interest: $961.00 in United States currency, seized from the Defendant on or around August 9, 2011 (the "Substitute Asset").

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. All of the Defendant's right, title and interest in the Substitute Asset is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853 (n).

2. Upon entry of this Preliminary Order of Forfeiture as to Substitute Asset, the United States Marshals Service (or its designee) is hereby authorized to take possession of the Substitute Asset and keep it in its secure custody and control.

3. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Substitute Asset, and provide notice that any person, other than the Defendant in this case, claiming an interest in the Substitute Asset must file a petition within sixty (60) days from the first day of

publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

    4.  This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Asset, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Substitute Asset and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

    5.  Pursuant to Rule 32.2(b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

    6.  Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Substitute Asset pursuant to Title 21, United States Code, Section 853(n) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all third-party interests will be addressed. All Substitute Assets forfeited to the United States under a Final Order of Forfeiture shall be applied towards satisfaction of the Money Judgment.

    7.  The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Substitute Asset, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

    8.  Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture as to Substitute Asset, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

9. The Clerk of the Court shall forward three certified copies of this Preliminary Order of Forfeiture as to Substitute Asset to Assistant United States Attorney Tara M. La Morte, Co-Chief of the Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007.

Dated: New York, New York
      October __14__, 2022

SO ORDERED:

_____
HONORABLE KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE